998 F.2d 1008
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Michael Wayne DUFOUR, Petitioner-Appellant,
v.
Gary KEYSER, Warden; MARY SUE TERRY, Respondents-Appellees.
 No. 91-7015.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: June 11, 1991.
Decided: July 9, 1993.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Claude M. Hilton, District Judge. (CA-89-1717-AM)
 Patricia A. Smith, Sanders, O'Donnell & Smith, Alexandria, Virginia, for Appellant.
 Mary Sue Terry, Attorney General, Robert B . Condon, Assistant Attorney General, Richmond, Virginia, for Appellees.
 E.D.Va.
 AFFIRMED.
 Before WIDENER, WILKINSON, and WILKINS, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Michael Wayne Dufour, a Virginia prisoner, appeals from the order of the district court denying relief under 28 U.S.C.s 2254. For the reasons set forth below we affirm the district court's decision.
 
 
 2
 Dufour entered an Alford plea to charges of burglary and petit larceny in state court. He was sentenced to five years with two suspended on the burglary charge, and 12 months on the larceny charge. Dufour filed a habeas corpus petition with the state circuit court. Following a hearing the petition was denied. Dufour's petition for leave to appeal the denial to the Virginia Supreme Court was denied. Dufour subsequently filed a petition under § 2254 in federal court.
 
 
 3
 Dufour's federal petition raises three claims: that (1) the prosecution failed to turn over Brady material despite a proper request; (2) he received ineffective assistance of counsel; and (3) his plea was involuntary. Both Dufour and the respondents moved for summary judgment. Without holding a hearing the district court granted the respondents' motion and dismissed the case. Dufour moved to alter or amend judgment, but the motion was denied. Dufour then filed a timely notice of appeal and the district court granted a certificate of probable cause to appeal.
 
 
 4
 Under Brady v. Maryland, 373 U.S. 83 (1963), the prosecution must turn over "material" evidence favorable to an accused upon request. Evidence is material if " 'there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different.' " Pennsylvania v. Ritchie, 480 U.S. 39, 57 (1987).
 
 
 5
 Dufour's convictions in state court arose from the theft of a television set from a residence. A witness, Jose Hurey, gave two differing statements to police; he told one officer that he had seen Dufour entering the house while a companion, Butler, waited outside. He told a different officer that it was Butler who went into the house while Dufour waited outside. Hurey also stated that Dufour later offered the TV set to him for $25. Hurey's inconsistent statements regarding who entered the house were not produced to the defense, despite a proper request for Brady material.
 
 
 6
 Both the state court and the district court found that the prior statements by Hurey constituted Brady material which the prosecution was obligated to produce. The question on appeal is whether the district court correctly concluded that Dufour was not prejudiced by the failure to produce. To determine whether the withheld evidence was material the Court must decide whether there is a reasonable probability that, had the evidence been disclosed to the defense, Dufour would not have pled guilty and would have insisted on going to trial. See Miller v. Angliker, 848 F.2d 1312, 1322 (2d Cir.), cert. denied, 488 U.S. 890 (1988).
 
 
 7
 The district court found that Hurey's inconsistent statements were discovered by defense counsel two days prior to the date set for trial. This finding is clearly erroneous because, as the state court found, the prosecution had not revealed the inconsistent statements to the defense at all. Because the district court found that the defense had been given the statements in advance of the trial date it concluded that Dufour had not been prejudiced and therefore did not reach the materiality question.
 
 
 8
 Despite the failure of a condition precedent to the district court's conclusion, a remand is not necessary. The determination of materiality is one of law which this Court reviews de novo. The importance of Hurey's testimony lay not in his observations of Dufour's activities while at the house, but his statement that Dufour had offered to sell him the TV set. Defense counsel considered this to be crucial evidence of the requisite criminal intent on Dufour's part which was otherwise lacking, and it was for this reason that he recommended pleading guilty as opposed to going to trial. Hurey made no differing statements as to Dufour's offer of the TV set. Even had defense counsel been given the information in advance it is unclear that it would have been used. In order to raise the inconsistency in Hurey's prior statements defense counsel would have had to introduce a statement which further inculpated, rather than exculpated, his client. Further, the impeachment value would have been negligible because Hurey claimed, and the prosecution had corroborated his claim, that the difference in Hurey's statements was a result of errors in the police reports and not changes in his recollection.
 
 
 9
 In summary, the district court incorrectly found that Dufour had Hurey's statements available to him prior to the date on which he entered his Alford plea. Nonetheless, the statements were not material and therefore the failure to produce them was not a Brady violation. Accordingly, the decision below denying relief on this claim is affirmed. We now turn to Dufour's ineffective assistance and voluntariness claims.
 
 
 10
 Where a defendant is represented by counsel during a plea and enters the plea on the basis of the advice of counsel "the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." Hill, 474 U.S. at 56. The test for effective assistance of counsel outlined in Strickland v. Washington, 466 U.S. 660 (1984), applies in the review of guilty pleas. Hill, 474 U.S. at 57. In order to satisfy the second prong of the Strickland test when challenging a guilty plea the petitioner must show that "but for counsel's unprofessional errors, he would not have pleaded guilty and would have insisted on going to trial." Hill, 474 U.S. at 59 (footnote omitted).
 
 
 11
 Though Dufour alleges numerous ways in which counsel's assistance was allegedly defective, two stand out. At the time of his plea in the present case Dufour was on probation. He inquired of defense counsel how a plea would affect his probation status and was allegedly informed that that would be a different charge, before a different court, on a different day. The second claim is that counsel believed that principal in the second degree and accessory after the fact were both punishable as felonies, when actually accessory after the fact is only a misdemeanor. See Va. Code §§ 18.2-18, 18.2-19. Consequently, counsel did not pursue the possibility of arguing that Dufour was only an accessory after the fact.
 
 
 12
 The first claim is meritless. Though defense counsel disputes what exactly Dufour was told about the effect of the plea on his probation, even if Dufour's version is correct he cannot show the requisite prejudice. It is undisputed that an argument more favorable to Dufour could be made at a probation revocation hearing if Dufour pled guilty then if he went to trial and was convicted. Therefore, even had Dufour been properly advised as to the possible effects of his plea on his probation status there is no indication that he would have foregone pleading guilty and insisted on going to trial.
 
 
 13
 The second claim presents a closer question. However, we believe that Dufour has failed to show the requisite prejudice. The record is ambiguous on the issue of whether counsel understood the difference between accessory after the fact and principal in the second degree. Nonetheless, counsel clearly felt that Hurey's evidence was sufficient to find Dufour guilty of the felony offense. Thus, even were he aware of the distinction in penalties, he would still have recommended the plea. Dufour would have to show that in the face of counsel's advice to the contrary he would have insisted on going to trial merely because the distinction in penalties had been explained. The record does not support such a conclusion. Accordingly, the decision below finding that counsel was not ineffective is affirmed. In conclusion, we find that the statements which the prosecution failed to produce were not "material" for Brady purposes. We also find that counsel was not ineffective. The decision below is therefore affirmed.
 
 
 14
 The district court granted a certificate of probable cause to appeal in this case. Although briefs have been filed, we dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court, and argument would not aid the decisional process.
 
 AFFIRMED